## FIRESTONE v. WHITE.

Opinion delivered December 13, 1902.

COUNTY COURT—JURISDICTION TO CANVASS VOTE ON COUNTY UNIFORMITY.—The third section of the act relating to county uniformity of school text-books, in providing that "the county court at its regular meeting for levying taxes shall open the returns and ascertain, in addition to its other duties as now provided, whether county uniformity carried" (Acts 1899, c. 89, § 3), did not intend to confer upon the quorum court jurisdiction to determine whether county uniformity carried, but only to designate the term of the county court when the vote should be canvassed.

Appeal from Faulkner Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This was a suit instituted in the Faulkner circuit court by certiorari for the purpose of quashing an order made by the Faulkner county court declaring that the majority of all the votes

cast at the various district school meetings in Faulkner county on the third Saturday in May, 1900, was for county uniformity, and also, it seems, to remove the appellees as members of the county school board of Faulkner county, or to prohibit them from acting as such officers. On the third Saturday of May, 1900, the electors of the common school districts of Faulkner county in their annual meeting voted on the question of county uniformity in the text books under the provisions of the act of the general assembly approved March 31, 1899. The returns of that election upon that question were made to the county court on the first Monday of October of that year. The time of the regular meeting of the county court of Faulkner county for levying taxes is on the first Monday of October of each year, which in 1900 was on October 1. On that day the county court appointed a committee, consisting of E. G. Browning and W. H. Lindsey, two of the justices of the peace, to canvass the vote on county uniformity of text books, and that committee made a report that the same had been lost, and the report was adopted. The county court then adjourned until the 8th day of October, 1900, which was a day of the same term of court, which was the October term, and the term when taxes are levied. Upon the 8th day of October, 1900, a number of electors and taxpayers of the school districts of Faulkner county, Arkansas, presented a petition to the county court in which they set forth that the committee which had been appointed to canvass the returns on the question of county uniformity did not actually canvass the same, but only made a casual inspection thereof, and that, as a matter of fact, the majority of the votes had been cast in favor of county uniformity, and asking that the court examine the same and declare the true result. The court on that day examined the two justices of the peace, E. G. Browning and W. H. Lindsey, who composed the canvassing committee, and, being advised in the matter, did on that day set aside the order of the court made on the 1st day of October declaring that the question of county uniformity had been lost, and did authorize the same committee to canvass the vote on that question and report thereon to the court. Thereupon at the same term of court this committee did report that they had canvassed the returns and ballots cast at the election held in the various school districts on the third Saturday in May, 1900, on the question of county uniformity, and that a majority of the votes cast in that election were for county uniformity, and the court did at

this same term order and declare that a majority of the votes cast at said election in said county were in favor of county uniformity.

The four plaintiffs in this case filed their complaint in the Faulkner circuit court, and, after making allegations in substance as above set forth, asked that the above order of the county court be set aside, and that the school board be restrained from further proceedings in reference to county uniformity. The defendants filed a demurrer to this complaint, and the same was sustained by the circuit court, and the complaint dismissed.

*G. W. Bruce,* for appellant.

The proceedings of the county court after the adjournment of the levying court on the 1st of October, 1900, being void, certiorari was the proper proceeding. Sand. & H. Dig. § 1125, as amended by act of 1899, p. 112; 38 Ark. 159.

*Sam Frauenthal,* for appellees.

The act providing for county uniformity does not provide that the county court shall canvass the vote. Acts 1899, p. 147. The quorum court has jurisdiction only to levy taxes and make appropriations for expenses of the county. Const. 1874, art 7, §§ 28-30. In other matters justices of the peace cannot sit with the county judge. 32 Ark. 497; 36 Ark. 466. During the same term the county court had a right to set aside this order, if erroneous, like any other court. 27 Ark. 295; 61 Ark. 287. Proceedings by certiorari cannot take place of an appeal. Sand. & H. Dig., § 1264; 17 Ark. 580; 51 Ark. 161; 56 Ark. 85; 61 Ark. 287; Sand. & H. Dig., § 7364; 28 Ark. 455.

WOOD, J., (after stating the facts.) The third section of the act providing for county uniformity says: "The county court at its regular meeting for levying taxes shall open the returns and ascertain, in addition to its other duties as now provided, whether county uniformity carried." Acts, 1899, c. 89, § 3.

This provision of the statute was not intended to confer upon the quorum court jurisdiction to determine whether county uniformity carried. This the legislature could not prescribe as one of the duties for the quorum court, for the jurisdiction of the quorum court is limited by the constitution to levying taxes and making appropriations for county expenses. *Worthen* v. *Badgett,*

32 Ark. 497; Ex parte *Howell,* 36 Ark. 466. The design of the legislature was simply to designate the term of court when the vote should be canvassed, and to name the county court as the agency for that purpose. The act does not prescribe that the county court composed of the county judge and justices, or quorum court, shall canvass the returns.

The county court composed of the county judge, sitting alone, can transact other business pertaining to the regular duties of the county court on the day when the quorum court meets, and this was one of the matters the legislature intended the county court should attend to, in its capacity as county court, pursuing its regular jurisdiction of looking after the local concerns of the county.

The proceedings in this matter were regular, and the judgment is affirmed.